Glenn R. Meyers, Esq.
The Meyers Law Firm
30 Vesey St., 4th Floor
New York, NY 10007
212.252.1212
themeyerslawfirm@gmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT PARKER,

                 Plaintiff,        Civil Case No.:

v.

CITY OF MIDDLETOWN, THE CITY OF
MIDDLETOWN POLICE DEPARTMENT,    **COMPLAINT WITH**
and OFFICER ROBERT MONACO,               **DEMAND FOR JURY TRIAL**

                 Defendants.
-----------------------------------------------------------X

Plaintiff, ROBERT PARKER, complaining of the Defendants, CITY OF MIDDLETOWN (hereinafter "CITY"), THE CITY OF MIDDLETOWN POLICE DEPARTMENT (hereinafter "MIDDLETOWN PD"), and OFFICER ROBERT MONACO (hereinafter "OFFICER MONACO" or "Individual Defendant") does allege the following:

## PRELIMINARY STATEMENT

1. This is an action under 42 U.S.C § 1983 for violation of Plaintiff's civil rights during an unlawful and illegal arrest by the Defendants, wherein on June 23, 2024, the Plaintiff was detained, arrested, and arraigned by Defendants CITY and MIDDLETOWN PD, by and through the arresting officer Defendant OFFICER MONACO.

## PARTIES

2. Defendant CITY is a municipal corporation formed and existing under the laws of the State of New York.

3. Defendant CITY is located in Orange County, New York, under the jurisdiction of the U.S. District Court for the Southern District of New York.

4. The MIDDLETOWN PD is a municipal entity within the government of the Defendant CITY, tasked with being the primary police force for the CITY, and the employers of the arresting officers in this matter, Defendant OFFICER MONACO.

5. Defendant OFFICER MONACO is a peace officer and employee of the Defendant MIDDLETOWN PD and Defendant CITY.

6. Defendant OFFICER MONACO is further identified as a peace by his Shield No. 1598, working out of the Police Precinct located at 2 James Street, Middletown, NY 10940.

## JURISDICTION AND VENUE

7. This action is brought pursuant to 42 US § 1983 and he First, Fourth and Fourteenth Amendments the Constitution of the United States and New York Constitution. Jurisdiction is conferred upon tis Court under 28 USC §§ 1331 and 1343(a)(3) as this is a civil action arising under the Constitution and laws of the United States.

8. This Court has supplemental jurisdiction over related state claims under 28 USC § 1367(a).

9. Venue is proper pursuant to 28 USC § 1391(a), (b), and (c) because the illegal stop, search and seizure etc. took place in the Southern District of New York.

## STATEMENT OF FACTS

10. The incident complained of is alleged to have happened on June 23, 2024 on a public sidewalk at or near the location of 2 James Street, Middletown, NY 10940 (hereinafter "Premises").

11. At the aforementioned time and place, the Plaintiff was engaged in protected speech with an unnamed individual.

2

12. The Defendant OFFICER MONACO, apparently appearing, unprompted, from the nearby police department offices, proceeded to intervene in a "civil dispute" as the Individual Defendant described it.

13. Despite the civility of the dispute, Defendant OFFICER MONACO, illegally and unlawfully detained and arrested the Plaintiff.

14. Defendant OFFICER MONACO leveled dishonest factual allegations in the sworn criminal complaint which he filed with the City of Middletown Court, including that there was an unnamed "reporting party."

15. No such party was identified, nor did they issue a formal complaint or sworn statement as to the alleged illegal conduct of Plaintiff.

16. Defendant OFFICER MONACO's false statements were in fact in violation of NY Penal Law § 210.45, a class A misdemeanor.

17. Plaintiff was charged with a violation of the Middletown City Code (MCC) § 213-1 "Disorderly Conduct in City Facilities, Parks, Playgrounds, Parking Lots, Streets, and Sidewalks." Specifically, he was charged under MCC § 213-1(B) & (C), which include making "unreasonable noise" and "abusive or obscene language," respectively.

18. Such arrest was based upon the Plaintiff's status as an African American male and was a result of Defendant OFFICER MONACO illegal and unlawful violation of Plaintiff's civil rights and the violation of the 4th Amendment's (US Constitution) prohibition on illegal search and seizure, of both the property and person of the Plaintiff.

19. Furthermore, the Plaintiff's alleged conduct, if true, fails squarely in the free speech protections provided by the First Amended to the U.S. Constitution.

20. As a result, Plaintiff suffered the ignominy of a public arrest and detention and was caused to appear in the City of Middletown Court, much to his embarrassment and shame.

21. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## CLAIMS

### Count One: Retaliation (First Amendment)
*42 U.S.C. § 1983*
*Against All Defendants*

22. Plaintiff repeats and realleges paragraphs above and below as if fully set for the herein.

23. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they were commissioned by the CITY to exercise powers.

24. The Defendant CITY is responsible for the actions of its agents, officers and employs.

25. Plaintiff engaged in constitutionally protected speech on a public walkway, to wit, the sidewalk at or near the Premises.

26. The Individual Defendants: actions were intended to prevent Plaintiff from continuing to engage in such protected speech and to discourage him from engaging in similar protected conduct in the future.

27. The Individual Defendants' actions, in fact, chilled the Plaintiff's speech on the date of the and after the incident, as he suffered further and other adverse effects and concrete harm following the incident.

28. The Individual Defendant's retaliatory conduct was objectively unreasonable and violated Plaintiff's right to free speech under the First and Fourteenth Amendments of the U.S. Constitution.

4

29. The Individual Defendant's acted intentionally, with malice and knowing disregard for Plaintiff's constructional rights, in retaliating against him for protected speech.

30. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional state, federal, and other legal rights and of damages including loss of liberty, bodily injury, pai, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses etc. Accordingly, the plaintiff is entitled to compensatory and puntive damages.

### Count Two: False Arrest (Fourth Amendment)
*42 U.S.C. § 1983*
*Against All Defendants*

31. Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

32. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they were commissioned by the CITY to exercise powers.

33. The Defendant CITY is responsible for the actions of the Defendant MIDDLETOWN PD and its agents, officers, and employs, under the doctrine of *respondeat superior*.

34. The Defendant CITY is responsible for the actions of its agents, officers and employs, under the doctrine of *respondeat superior*.

35. The Individual Defendants acted intentionally, with malice and knowing disregard for Plaintiff's constitutional rights, in falsely detaining, arresting and imprisoning him against his will. The plaintiff was conscious of and at no point consented to the confinement by the Individual Defendants.

36. The actions of the Individual Defendants in falsely detaining, arresting, and imprisoning Plaintiff without warrant, reasonable suspicion or probable cause violated Plaintiff's Fourth

Amendment rights to be free from unreasonable search and seizure, pursuant to 42 U.S.C. § 1983.

37. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### Count Three: Fabricated Evidence (Fourteenth Amendment)
*42 U.S.C. § 1983*
*Against All Defendants*

38. Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

39. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they are commissioned by the CITY to exercise police powers.

40. The Defendant CITY is responsible for the actions of the Defendant MIDDLETOWN PD and its agents, officers, and employs, under the doctrine of *respondeat superior*.

41. The Defendant CITY is responsible for the actions of its agents, officers and employs, under the doctrine of *respondeat superior*.

42. The Individual Defendants, while acting in an investigating capacity, fabricated evidence of a material nature likely to influence a jury's decision, intentionally provided fabricated evidence to prosecutors, and as a result, Plaintiff suffered a number of injuries set forth herein, including deprivation of her liberty.

43. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including pain, suffering,

mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### Count Four: Malicious Prosecution (Fourth Amendment)
*42 U.S.C. § 1983*
*Against All Defendants*

44. Plaintiff repeats and realleges paragraphs above and below as if fully set forth herein.

45. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of 42 U.S.C. § 1983 because they are commissioned by the CITY to exercise police powers.

46. The Defendant CITY is responsible for the actions of the Defendant MIDDLETOWN PD and its agents, officers, and employs, under the doctrine of *respondeat superior*.

47. The Defendant CITY is responsible for the actions of its agents, officers and employs, under the doctrine of *respondeat superior*.

48. The Individual Defendants pressed charges against Plaintiff, while knowing the charges were baseless and lacked probable cause. The proceedings were subsequently terminated in Plaintiff's favor, in a manner indicative of innocence.

49. Statements made by the Individual Defendants to justify the charges against Plaintiff were made with the knowledge that those statements were false. The Individual Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

50. The Individual Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### **Count Five: Failure to Intervene (First Amendment)**
*42 U.S.C. § 1983*
*Against All Defendants*

51. Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

52. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of Section 1983 because they are commissioned by the CITY to exercise police powers.

53. The Defendant CITY is responsible for the actions of the Defendant MIDDLETOWN PD and its agents, officers, and employs, under the doctrine of *respondeat superior*.

54. The Defendant CITY is responsible for the actions of its agents, officers and employs, under the doctrine of *respondeat superior*.

55. During the events set forth in this Complaint and to the extent they did not participate in the retaliatory arrest of Plaintiff, the Individual Defendants stood by during the false, retaliatory arrest and deprivation of Plaintiff's constitutional and state law rights and did not intervene to prevent those violations despite having the opportunity and duty to do so.

56. The Individual Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

57. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including loss of liberty, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### **Count Six: Failure to Intervene (Fourth Amendment)**
*42 U.S.C. § 1983*
*Against All Defendants*

58. Plaintiff repeats and realleges paragraphs above and below, as if fully set forth herein.

59. The Individual Defendants were at all relevant times state actors and persons acting under color of state law within the meaning of Section 1983 because they are commissioned by the CITY to exercise police powers.

60. The Defendant CITY is responsible for the actions of the Defendant MIDDLETOWN PD and its agents, officers, and employs, under the doctrine of *respondeat superior*.

61. The Defendant CITY is responsible for the actions of its agents, officers and employs, under the doctrine of *respondeat superior*.

62. During the events set forth in this Complaint and to the extent they did not participate in the false arrest of Plaintiff, the Individual Defendants stood by during the false arrest and deprivation of Plaintiff's constitutional and state law rights and did not intervene to prevent those violations despite having the opportunity and duty to do so.

63. The Individual Defendants acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

64. Defendants' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, and of damages including loss of liberty, bodily injury, pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

### **Count Seven: Malicious Prosecution (State Law)**
*Against All Defendants*

65. Plaintiff repeats and realleges each and every paragraph above and below with the full force and affect as if restated in full herein.

66. The Individual Defendant was at all relevant times state actors and persons acting under color of state law because they are commissioned by the Defendant MIDDLETOWN PD to exercise police powers.

67. The Defendant MIDDLETOWN PD is responsible for the actions of its agents, officers and employs.

68. The Individual Defendant pressed charges against Plaintiff, while knowing the charges were baseless and lacked probable cause. The proceedings were subsequently terminated in Plaintiff's favor, in a manner indicative of innocence.

69. Statements made by the Individual Defendant to justify the charges against Plaintiff were made with the knowledge that those statements were false. The Individual Defendant acted intentionally with malice and knowing disregard for Plaintiff's constitutional rights.

70. The Individual Defendant' actions were the direct and proximate cause of violations of Plaintiff's constitutional, state, and other legal rights, including a loss of liberty, and of damages including pain, suffering, mental distress, anguish, humiliation, loss of income, and legal expenses as set forth above. Accordingly, Plaintiff is entitled to compensatory and punitive damages.

## DEMAND FOR JURY TRIAL

71. Pursuant to Federal Rules of Civil Procedure (FRCP) Rule 38, the Plaintiff hereby demands a jury trial on all claims for relief for which trial by jury is allowed or required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff hereby requests that the Court:

I. Issue a judgment declaring that the conduct of the CITY, through the MIDDLETOWN PD and as described in this Complaint, constitute violations of Plaintiff's rights under the U.S. Constitution, federal law, the New York State Constitution, New York state law, and the New York City Administrative Code.

II. Order injunctive relief to which Plaintiff is entitled;

III. Award Plaintiff compensatory damages in an amount to be determined by a jury;

IV. Award Plaintiff punitive damages arising from Defendants' actions;

V. Order reasonable attorneys' fees and costs to be paid by Defendants pursuant to 28 U.S.C. § 2414 and 42 U.S.C. § 1988; and,

VI. Grant such other and further relief as the Court deems just and equitable.

Dated: New York, New York
January 26, 2026

Respectfully Submitted,

*Glenn R. Meyers*
By    Glenn R. Meyers, Esq.
The Meyers Law Firm
30 Vesey Street, 4th Floor
New York, NY 10007
212.252.1212
themeyerslawfirm@gmail.com